

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 8 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS JAMES W. McCORMACK, CLERK
CENTRAL DIVISION         By:_____
                                              DEP CLERK

| | |
|---|---|
| TATA AIG GENERAL INSURANCE COMPANY LIMITED, as subrogated insurer for TATA INTERNATIONAL METALS (AMERICAS) LTD., <br><br> Plaintiff, <br><br> v. <br><br> FIVE RIVERS DISTRIBUTION, LLC and BRUCE OAKLEY, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.:  4:20-cv-585-JM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, TATA AIG GENERAL INSURANCE COMPANY LIMITED, as subrogated insurer for TATA INTERNATIONAL METALS (AMERICAS) LTD., by and through its attorneys, CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., and for its Complaint at Law against the Defendants, FIVE RIVERS DISTRIBUTION, LLC and BRUCE OAKLEY, INC., states as follows:

## INTRODUCTION

1. This diversity action has been initiated by the Plaintiff, Tata AIG General Insurance Company Limited ("Tata AIG"), as subrogated insurer for Tata International Metals (Americas) Ltd. ("Tata Metals"), to recover compensatory damages resulting from breach of bailment contracts and negligence of the Defendants, Five Rivers Distribution, LLC ("Five Rivers") and Bruce Oakley Inc. ("Oakley") (collectively "Defendants") respectively, which proximately caused Tata Metals substantial property damage, and caused Tata AIG loss and damage as subrogated insurer of Tata Metals, as more fully detailed below.

This case assigned to District Judge  Moody
and to Magistrate Judge  Deere

## PARTIES

2. The Plaintiff, Tata AIG, is a foreign insurance company located in India with its registered and corporate office in Mumbai, India, having issued a policy of insurance to Tata Metals, and having become subrogated to Tata Metal's rights, through payment of an insurance claim under said policy.

3. Five Rivers is a limited liability company organized and domiciled in the State of Arkansas, with its principal place of business located at 2020 Riverfront Road, Van Buren, Arkansas.

4. Oakley is a for profit corporation incorporated and domiciled in the State of Arkansas, with its principal place of business located at 3700 Lincoln Avenue, North Little Rock, Arkansas.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C § 1332(a)(2) because the matter in controversy exceeds $75,000.00 and because there is complete diversity between the Plaintiff, a foreign citizen, and the Defendants, who are both Arkansas citizens.

6. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1), as Oakley is a resident of this District, and Five Rivers is a resident of the state of Arkansas.

## ALLEGATIONS COMMON TO ALL COUNTS

7. At all relevant times, Tata Metals was in the business of buying and selling metal-related products.

8. At all relevant times, Five Rivers owned, operated, and maintained various distribution and storage facilities along the Arkansas River, including a facility located in Van Buren, Arkansas.

9. At all relevant times, Oakley owned, operated, and maintained various distribution and storage facilities along the Arkansas River, including a facility located in Muskogee, Oklahoma.

10. At all relevant times, a bailment relationship existed between Tata Metals and the Defendants. Specifically, Tata Metals would deliver metal-related products to the Defendants by truck, rail, or barge for the purpose of storage pending sale and delivery to third-parties.

11. It was never the intention of Tata Metals or the Defendants for actual ownership of Tata Metals' metal-related products to transfer from Tata Metals to the Defendants, rather the Defendants would store Tata Metals' property on a month-to-month basis, in consideration for compensation by Tata Metals.

12. On or about December 26, 2018, Tata Metals delivered a shipment of 1,532 coils ("First Shipment") to Five Rivers for storage in Five Rivers' Van Buren, Arkansas, facility.

13. On or about January 8, 2019, Tata Metals delivered a shipment of wire rods in 975 coils ("Second Shipment") to Oakley for storage in Oakley's Muskogee, Oklahoma, facility.

14. In or about April of 2019, Tata Metals delivered a shipment of bundles of rebar ("Third Shipment") to Oakley for storage in Oakley's Muskogee, Oklahoma, facility, of which 279 bundles remained in storage following sale to Tata Metals' customer of the balance of the Third Shipment.

15. The Defendants, through the actions of their agents, servants, and/or employees, orally agreed and accepted the aforementioned shipments for safekeeping and storage (collectively "Inventory").

16. Between late May and early June, 2019, a flooding event ("Flood") in the region impacted the Arkansas River and flooded Five Rivers' Van Buren, Arkansas, storage facility and Oakley's Muskogee, Oklahoma, storage facility, thereby substantially damaging Tata Metals' Inventory.

17. Approximately 1,415 coils in the First Shipment were damaged at the Five Rivers facility, and approximately 279 bundles and 832 coils were damaged at the Oakley facility.

18. Following salvage of the damaged Inventory, Tata Metals sustained losses of $713,574.00 to the First Shipment at the Five Rivers facility, and $238,872.94 to the Second and Third Shipments at the Oakley facility.

19. The Flood was closely forecasted, monitored, and tracked days before affecting the region, and was the subject of national, state and local warnings.

## COUNT I
## BREACH OF BAILMENT CONTRACT (Against Five Rivers)

20. The Plaintiff restates and incorporates all preceding paragraphs as if set forth fully herein.

21. At all relevant times, a bailment relationship existed between Tata Metals and Five Rivers.

22. At all relevant times, Five Rivers, as a bailor, had a legal duty to exercise reasonable care for the safety of Tata Metals' Inventory.

23. Notwithstanding its aforesaid duty, and in breach thereof, Five Rivers was guilty of one or more of the following wrongful acts and/or omissions:

a. Failed to take necessary and proper steps to prepare for the Flood to avoid damage to the Inventory;

b. Failed to remove Tata Metals' Inventory to a safer location within the Defendant's facility, or away from the Defendant's facility, where the Flood would not affect the Inventory;

c. Failed to properly track and monitor the condition of the Arkansas River and its potential flooding threat;

d. Failed to elevate the Inventory in a way that would prevent water damage;

e. Failed to construct sufficient barriers in order to prevent water damage to the Inventory;

f. Left the Inventory unprotected and exposed to the elements;

g. Failed to design the facility to avoid, prevent or otherwise reduce the risk of flood damage in the facility;

h. Failed to have a proper and sufficient flood plan in place and/or failed to properly execute said plan;

i. Failed to mitigate the damage to the Inventory;

j. Failed to properly safeguard and protect the Inventory in order to prevent water damage and to assure the return of the Inventory to Tata Metals in the same condition in which it was received; and

k. Otherwise failed to exercise due care in the safekeeping of Tata Metals' Inventory.

24. As a result of its acts and omissions before, during and after the Flood, Fiver Rivers was unable to return Tata Metals' inventory in the same condition in which it accepted the Inventory for storage, in breach of the month-to-month contract for bailment.

25. Plaintiff made insurance claim payments to Tata Metals for damage sustained to the Inventory at the Five Rivers facility pursuant to its policy of insurance issued to Tata Metals and providing coverage for the Inventory.

26. Pursuant to the insurance policy issued to Tata Metals, Plaintiff is subrogated to Tata Metals' rights to recovery for loss or damage to its property.

27. As a direct and proximate result of one or more of the aforesaid acts or omissions in Five Rivers' exercise of due care, the Plaintiff suffered significant loss and damage in the amount of no less than $713,574.00.

28. Despite demand, Five Rivers has failed, refused, and still fails and refuses to compensate Tata Metals and/or the Plaintiff for the loss of the goods, in breach of the bailment contract.

WHEREFORE, the Plaintiff, TATA AIG GENERAL INSURANCE COMPANY LIMITED, as subrogated insurer for TATA INTERNATIONAL METALS (AMERICAS) LTD., requests that this Honorable Court enter judgment against Defendant, FIVE RIVERS DISTRIBUTION, LLC, in the amount of $713,574.00, plus interest and costs associated with and incurred in this action and further requests such other relief as this Court deems just and proper.

### COUNT II
### NEGLIGENCE (Against Five Rivers)

29. The Plaintiff restates and incorporates all preceding paragraphs as if set forth fully herein.

30. At all relevant times, Five Rivers stored Tata Metals' Inventory at its facility in Van Buren, Arkansas.

31. At all relevant times, Five Rivers owed a duty to exercise ordinary care in the control and storage of Tata Metals' Inventory, in accordance with applicable statutes and ordinances then in effect, so as not to cause damage to the Inventory.

32. Notwithstanding its aforesaid duty, and in breach thereof, Five Rivers was guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Failed to take necessary and proper steps to prepare for the Flood to avoid damage to the Inventory;

   b. Failed to remove Tata Metals' Inventory to a safer location within the Defendant's facility, or away from the Defendant's facility, where the Flood would not affect the Inventory;

   c. Failed to properly track and monitor the condition of the Arkansas River and its potential flooding threat;

   d. Failed to elevate the Inventory in a way that would prevent water damage;

   e. Failed to construct sufficient barriers in order to prevent water damage to the Inventory;

   f. Left the Inventory unprotected and exposed to the elements;

   g. Failed to design the facility to avoid, prevent or otherwise reduce the risk of flood damage in the facility;

   h. Failed to have a proper and sufficient flood plan in place and/or failed to properly execute said plan;

   i. Failed to mitigate the damage to the Inventory;

j.  Failed to properly safeguard and protect the Inventory in order to prevent water damage and to assure the return of the Inventory to Tata Metals in the same condition in which it was received; and

k.  Was otherwise careless or negligent in the safekeeping of Tata Metals' Inventory.

33. The Inventory suffered damage as a result of Five Rivers' negligence.

34. Plaintiff made claim payments to Tata Metals for damage sustained to the Inventory at the Five Rivers facility pursuant to its policy of insurance issued to Tata Metals and providing coverage for the Inventory.

35. As a direct and proximate result of one or more of the aforesaid negligent acts of Five Rivers, the Plaintiff suffered significant loss and damage in the amount of no less than $713,574.00.

36. Despite demand, Five Rivers has failed, refused, and still fail and refuse to compensate Tata Metals and/or the Plaintiff for the loss of the goods for which it is liable.

WHEREFORE, the Plaintiff, TATA AIG GENERAL INSURANCE COMPANY LIMITED, as subrogated insurer for TATA INTERNATIONAL METALS (AMERICAS) LTD., requests that this Honorable Court enter judgment against Defendant, FIVE RIVERS DISTRIBUTION, LLC, in the amount of $713,574.00, plus interest and costs associated with and incurred in this action and further requests such other relief as this Court deems just and proper.

## COUNT III
### BREACH OF BAILMENT CONTRACT (Against Oakley)

37. The Plaintiff restates and incorporates paragraphs 1 through 19 above as if set forth fully herein.

38. At all relevant times, a bailment relationship existed between Tata Metals and Oakley.

39. At all relevant times, Oakley, as a bailor, had a legal duty to exercise reasonable care for the safety of Tata Metals' Inventory.

40. Notwithstanding its aforesaid duty, and in breach thereof, Oakley was guilty of one or more of the following wrongful acts and/or omissions:

   a. Failed to take necessary and proper steps to prepare for the Flood to avoid damage to the Inventory;

   b. Failed to remove Tata Metals' Inventory to a safer location within the Defendant's facility, or away from the Defendant's facility, where the Flood would not affect the Inventory;

   c. Failed to properly track and monitor the condition of the Arkansas River and its potential flooding threat;

   d. Failed to elevate the Inventory in a way that would prevent water damage;

   e. Failed to construct sufficient barriers in order to prevent water damage to the Inventory;

   f. Left the Inventory unprotected and exposed to the elements;

   g. Failed to design the facility to avoid, prevent or otherwise reduce the risk of flood damage in the facility;

   h. Failed to have a proper and sufficient flood plan in place and/or failed to properly execute said plan;

   i. Failed to mitigate the damage to the Inventory;

  j. Failed to properly safeguard and protect the Inventory in order to prevent water damage and to assure the return of the Inventory to Tata Metals in the same condition in which it was received; and

  k. Otherwise failed to exercise due care in the safekeeping of Tata Metals' Inventory.

41. As a result of its acts and omissions before, during and after the Flood, Oakley was unable to return Tata Metals' inventory in the same condition in which it accepted the Inventory for storage, in breach of the month-to-month contract for bailment.

42. Plaintiff made insurance claim payments to Tata Metals for damage sustained to the Inventory at the Oakley facility pursuant to its policy of insurance issued to Tata Metals which provided coverage for the Inventory.

43. Pursuant to the insurance policy issued to Tata Metals, Plaintiff is subrogated to Tata Metals' rights to recovery for loss or damage to its property.

44. As a direct and proximate result of one or more of the aforesaid acts or omissions in Oakley's exercise of due care, the Plaintiff suffered significant loss and damage in the amount of no less than $238,872.94.

45. Despite demand, Oakley has failed, refused, and still fails and refuses to compensate Tata Metals and/or the Plaintiff for the loss of the goods, in breach of the bailment contract.

WHEREFORE, the Plaintiff, TATA AIG GENERAL INSURANCE COMPANY LIMITED, as subrogated insurer for TATA INTERNATIONAL METALS (AMERICAS) LTD., requests that this Honorable Court enter judgment against Defendant, BRUCE OAKLEY, INC., in the amount of $238,872.94, plus interest and costs associated with and incurred in this action and further requests such other relief as this Court deems just and proper.

## COUNT IV
## NEGLIGENCE (Against Oakley)

46. The Plaintiff restates and incorporates paragraphs 1 through 19 and 37 through 45 above as if set forth fully herein.

47. At all relevant times, Oakley stored Tata Metals' Inventory at its facility in Muskogee, Oklahoma.

48. At all relevant times, Oakley owed a duty to exercise ordinary care in the control and storage of Tata Metals' Inventory, in accordance with applicable statutes and ordinances then in effect, so as not to cause damage to the Inventory.

49. Notwithstanding its aforesaid duty, and in breach thereof, Oakley was guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Failed to take necessary and proper steps to prepare for the Flood to avoid damage to the Inventory;

   b. Failed to remove Tata Metals' Inventory to a safer location within the Defendant's facility, or away from the Defendant's facility, where the Flood would not affect the Inventory;

   c. Failed to properly track and monitor the condition of the Arkansas River and its potential flooding threat;

   d. Failed to elevate the Inventory in a way that would prevent water damage;

   e. Failed to construct sufficient barriers in order to prevent water damage to the Inventory;

   f. Left the Inventory unprotected and exposed to the elements;

   g. Failed to design the facility to avoid, prevent or otherwise reduce the risk of flood damage in the facility;

  h. Failed to have a proper and sufficient flood plan in place and/or failed to properly execute said plan;

  i. Failed to mitigate the damage to the Inventory;

  j. Failed to properly safeguard and protect the Inventory in order to prevent water damage and to assure the return of the Inventory to Tata Metals in the same condition in which it was received; and

  k. Was otherwise careless or negligent in the safekeeping of Tata Metals' Inventory.

50. The Inventory suffered damage as a result of Five Rivers' negligence.

51. Plaintiff made claim payments to Tata Metals for damage sustained to the Inventory at the Oakley facility pursuant to its policy of insurance issued to Tata Metals and providing coverage for the Inventory.

52. As a direct and proximate result of one or more of the aforesaid negligent acts of Oakley, the Plaintiff suffered significant loss and damage in the amount of no less than $238,872.94.

53. Despite demand, Oakley has failed, refused, and still fail and refuse to compensate Tata Metals and/or the Plaintiff for the loss of the goods for which it is liable.

WHEREFORE, the Plaintiff, TATA AIG GENERAL INSURANCE COMPANY LIMITED, as subrogated insurer for TATA INTERNATIONAL METALS (AMERICAS) LTD., requests that this Honorable Court enter judgment against Defendant, BRUCE OAKLEY, INC., in the amount of $238,872.94, plus interest and costs associated with and incurred in this action and further requests such other relief as this Court deems just and proper.

Respectfully Submitted,

_____
M. Stephen Bingham, Ark. Bar No. 83023
**CROSS, GUNTER, WITHERSPOON
& GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock AR 72201
TEL: (501) 371-9999 /FAX: (501) 371-0035
sbingham@cgwg.com

Counsel for:
TATA AIG GENERAL INSURANCE
COMPANY LIMITED, as subrogated insurer
for TATA INTERNATIONAL METALS
(AMERICAS) LTD.

Of Counsel:

Adam H. McCabe
Steven B. Belgrade
**Leahy, Eisenberg & Fraenkel, Ltd**.
33 W. Monroe Street
Suite 1100
Chicago, IL 60603-5317

249880