IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TATA AIG GENERAL INSURANCE                                    PLAINTIFF
COMPANY LIMITED, as subrogated
Insurer for TATA INTERNATIONAL
METALS (AMERICAS) LTD.

v.                              CASE NO. 4:20-cv-585-JM

FIVE RIVERS DISTRIBUTION, LLC and                            DEFENDANTS
BRUCE OAKLEY, INC.

## SEPARATE DEFENDANT BRUCE OAKLEY, INC.'S
## ANSWER TO THE COMPLAINT AT LAW

Comes Separate Defendant Bruce Oakley, Inc., ("Oakley") by and through its attorneys,

Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its Answer to the Complaint at

Law states:

## INTRODUCTION

1.      Oakley denies that it has breached a bailment contract or committed negligence.

Oakley further denies that any of its actions proximately caused damages to Plaintiff's insured

Tata International Metals (Americas) Ltd. ("Tata").  Oakley is without sufficient knowledge or

information to admit or deny the remaining averments of paragraph 1; accordingly, they are

denied generally and specifically.

## PARTIES

2.      Oakley is without sufficient knowledge or information to admit or deny the averments of paragraph 2; accordingly, they are denied generally and specifically.

3.      Oakley is without sufficient knowledge or information to admit or deny the averments of paragraph 3; accordingly, they are denied generally and specifically.

4.      Oakley admits paragraph 4.

## JURISDICTION AND VENUE

5.      Oakley admits paragraph 5.

6.      Oakley admits paragraph 6.

## ALLEGATIONS COMMON TO ALL COUNTS

7.      Oakley is without sufficient knowledge or information to admit or deny the averments of paragraph 7; accordingly, they are denied generally and specifically.

8.      Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 8; accordingly, they are denied generally and specifically.

9.      Oakley admits it has an indirect interest in the distribution and storage facility located in Muskogee, Oklahoma inasmuch as it is the sole owner of a separate, affiliated Oklahoma entity (Johnston's Port 33, Inc. d/b/a Oakley's Port 33 or "JP33") that leases the Muskogee facility.  Oakley denies generally and specifically the remaining averments of paragraph 9.

10.      Oakley specifically denies that any direct bailment relationship exists between it and Tata.  Oakley admits that a bailment relationship exists between Tata and Oakley's wholly-owned subsidiary JP33.  Oakley admits that Tata has delivered metal-related products to the Muskogee facility in the past.

11.     Oakley admits that its wholly-owned subsidiary JP33 stored Tata's products from time to time.  Oakley admits the remaining averments of paragraph 11.

12.     Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 12; accordingly, they are denied generally and specifically.

13.     Oakley admits that Tata delivered a shipment of wire rods to the Muskogee facility leased by JP33.  Oakley denies generally and specifically the remaining averments of paragraph 13.

14.     Oakley admits that Tata delivered a shipment of re-bar to the Muskogee facility. Oakley denies generally and specifically the remaining averments of paragraph 14.

15.     Oakley denies the averments of paragraph 15 generally and specifically.

16.     Oakley admits that in April, 2019, a major flood impacted the Arkansas River and the storage facility located in Muskogee, Oklahoma.  Oakley denies that Tata's inventory was substantially damaged.

17.     Oakley is without sufficient knowledge or information to admit or deny whether inventory was damaged at the Five Rivers facility.  Oakley specifically denies that inventory was damaged at the Muskogee facility.

18.     Oakley denies generally and specifically the averments of paragraph 18.

19.     Oakley denies generally and specifically the averments of paragraph 19.

### COUNT I
### BREACH OF BAILMENT CONTRACT (Against Five Rivers)

20.     Oakley incorporates by reference its responses to paragraphs 1 through 19 herein.

21.     Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 21; accordingly, they are denied generally and specifically.

22.    Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 22; accordingly, they are denied generally and specifically.

23.    Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 23; accordingly, they are denied generally and specifically.

24.    Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 24; accordingly, they are denied generally and specifically.

25.    Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 25; accordingly, they are denied generally and specifically.

26.    Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 26; accordingly, they are denied generally and specifically.

27.    Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 27; accordingly, they are denied generally and specifically.

28.    Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 28; accordingly, they are denied generally and specifically, including the WHEREFORE paragraph included within paragraph 28.

## COUNT II
## NEGLIGENCE (Against Five Rivers)

29.    Oakley incorporates by reference its responses to paragraphs 1 through 28 herein.

30.    Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 30; accordingly, they are denied generally and specifically.

31.    Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 31; accordingly, they are denied generally and specifically.

32.    Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 32; accordingly, they are denied generally and specifically.

33.     Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 33; accordingly, they are denied generally and specifically.

34.     Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 34; accordingly, they are denied generally and specifically.

35.     Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 35; accordingly, they are denied generally and specifically.

36.     Oakley is without sufficient knowledge or information to admit or deny averments of paragraph 36 accordingly, they are denied generally and specifically including the WHEREFORE paragraph contained within paragraph 36.

<u>**COUNT III**</u>
<u>**BREACH OF BAILMENT CONTRACT (Against Oakley)**</u>

37.     Oakley incorporates by reference its responses to paragraphs 1 through 36 herein.

38.     Oakley denies generally and specifically the averments of paragraph 38.

39.     Oakley denies generally and specifically the averments of paragraph 39.

40.     Oakley denies generally and specifically the averments of paragraph 40 including subparagraphs (a) through (k).

41.     Oakley denies generally and specifically the averments of paragraph 41.

42.     Oakley is without sufficient information or information to admit to deny averments of paragraph 42; accordingly, they are denied generally and specifically.

43.     Oakley is without sufficient information or information to admit to deny averments of paragraph 43; accordingly, they are denied generally and specifically.

44.     Oakley denies generally and specifically the averments of paragraph 44.

45.     Oakley specifically denies that it has refused to compensate Tata and specifically denies that it or JP33 is in breach of any bailment contract.  Oakley admits JP33 has refused a

demand made by Tata.  Oakley denies generally and specifically the averments in the

WHEREFORE paragraph contained within paragraph 45.

**COUNT IV**
**NEGLIGENCE (Against Oakley)**

46.     Oakley incorporates by reference its responses in paragraph 1 through 45 herein.

47.     Oakley specifically denies the averments of paragraph 47.  Pleading affirmatively,

Oakley admits that its wholly-owned subsidiary JP33 stored Tata's inventory at its Muskogee,

facility.

48.     Oakley denies generally and specifically the averments of paragraph 48.

49.     Oakley denies generally and specifically the averments of paragraph 49, including

subparagraphs (a) through (k).

50.     Oakley denies generally and specifically the averments of paragraph 50.

51.     Oakley is without sufficient knowledge or information to admit or deny

averments of paragraph 51; accordingly, they are denied generally and specifically.

52.     Oakley denies generally and specifically the averments of paragraph 52.

53.     Oakley specifically denies it has refused to compensate Tata.  Oakley admits JP33

has refused a demand made by Tata. Oakley denies generally and specifically that it or JP33 is

liable for the loss of Tata's inventory.  Oakley denies generally and specifically all averments in

the WHEREFORE paragraph contained within paragraph 53.

54.     Oakley denies generally and specifically all averments of Plaintiff's Complaint

not specifically admitted herein.

55.     Oakley reserves the right to plead further, including the pleading of additional

affirmative defenses pending formal discovery and informal investigation into this matter.

## AFFIRMATIVE DEFENSES

56.     Oakley affirmatively pleads failure to state facts upon which relief can be granted

pursuant to Fed. R. Civ. P. 12(b)(6).   Oakley affirmatively pleads that it does not own, operate

or control the Muskogee facility, nor did it enter into a bailment contract with Tata.

57.     Oakley affirmatively pleads insufficient process.

58.     Oakley affirmatively pleads insufficient service of process.

59.     Oakley affirmatively pleads failure to join a party under Rule 19.

60.     Oakley affirmatively pleads the absence of proximate cause.

61.     Oakley affirmatively pleads Act of God.

62.     Oakley affirmatively pleads force majeure.

63.     Oakley affirmatively pleads intervening proximate cause.

64.     Oakley affirmatively pleads concurring proximate cause.

65.     Oakley affirmatively pleads that all of its actions – including its actions before,

during and after the flood to mitigate the effects of the flood – were within the standard of care.

66.     Oakley affirmatively pleads waiver.

67.     Oakley affirmatively pleads set off.

68.     Oakley affirmatively pleads estoppel.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.
4206 South J.B. Hunt Drive, Suite 200
Rogers, AR 72758
Phone: (479) 464-5652
Fax: (479) 464-5680
kheffley@mwlaw.com
AR Bar No. 96085

By /s/ L. Kyle Heffley
        L. Kyle Heffley

*Attorneys for Bruce Oakley, Inc.*

CERTIFICATE OF SERVICE

I, L. Kyle Heffley, hereby confirm that I have caused the foregoing to be filed using the Court's ECF filing system on this 17th day of June, 2020, which shall send notification of such filing electronically to the following:

M. Stephen Bingham
CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, AR 72201
sbingham@cgwg.com

Of counsel:
Adam H. McCabe
Steven G. Belgrade
LEAHY, EISENBERG & FRAENKEL. LTD.
33 W. Monroe Street, Suite 1100
Chicago, IL 60603-5317

By: /s/ L. Kyle Heffley
        L. Kyle Heffley